UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>DUNHILL ENTITIES, L.P.;<br>DUNHILL ENTITIES GP, LLC;<br>DUNHILL TERMINALS, L.P.; AND<br>DUNHILL TERMINALS GP, LLC;<br><br>Debtors. | Chapter 11<br><br>Bankruptcy No. 10-01342;<br>Bankruptcy No. 10-01346;<br>Bankruptcy No. 10-01345; and<br>Bankruptcy No. 10-01350.<br><br>JOINT ADMINISTRATION REQUESTED<br><br>**EXPEDITED HEARING REQUESTED** |

**EMERGENCY MOTION OF THE DEBTORS FOR ORDER AUTHORIZING
THE JOINT ADMINISTRATION OF DEBTORS'
CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)**

Dunhill Entities, L.P. ("**Dunhill Entities LP**"); Dunhill Entities GP, LLC ("**Dunhill Entities GP**"); Dunhill Terminals, L.P. ("**Dunhill Terminals LP**"); and Dunhill Terminals GP, LLC ("**Dunhill Terminals GP**"), the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby move this Court for entry of an order pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 1015(b), authorizing the joint administration of their chapter 11 cases (the "**Motion**"). In support of this Motion, the Debtors respectfully represent as follows:

**INTRODUCTION**

1.     On March 26, 2010 (the "**Petition Date**"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "**Bankruptcy Code**"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession.

## THE DEBTORS' CORPORATE STRUCTURE

2. Dunhill Entities LP is a Texas limited partnership.

3. Dunhill Entities GP is a Texas limited liability company and the general partner of Dunhill Entities LP.

4. Dunhill Terminals LP is a Texas limited partnership.

5. Dunhill Terminals GP is a Texas limited liability company and the general partner of Dunhill Terminals LP.

## THE DEBTORS' OPERATIONS

6. The Debtors own and operate petroleum and other petrochemical product storage facilities located in Chickasaw, Alabama (the "**Chickasaw Terminal**") and Mobile, Alabama (the "**Blakeley Terminal**")(collectively, the "**Facilities**").

7. The Chickasaw Terminal is located in Chickasaw, Alabama on Chickasabogue Creek, just two miles from the Mobile River with access to inland waterways connecting to ports in Chicago, Tulsa, Kansas City, Vicksburg, Pittsburgh, Minneapolis, Charleston WV, Monroe LA, Panama City, New Orleans, Houston, Corpus Christi, and Brownsville, TX.

8. The Chickasaw Terminal has storage capacity of 650,000 barrels of petroleum, a 4-bay pipeline segregated truck and rail loading system as well as a 15-rail car storage capacity. It has an operational capability of up to 180 trucks and 30 rail cars per day.

9. The Blakeley Terminal has eventual storage capacity for over 850,000 barrels, a 4-bay pipeline segregated truck loading system with an operational capability of 180 trucks per day, and 2-barge loading and 1-ship capability.

## THE DEBTORS' FINANCIAL TROUBLE

10. In or around October 2006, the Debtors obtained a short-term construction loan to finance certain construction projects. Due to circumstances beyond the Debtors' control, the

construction project was delayed and the Debtors suffered cost overruns. The construction loan originally matured in November 2008 and, through a series of forbearances, that date was extended until November 2009.

11. Due to the recent economic decline and construction costs overruns, the Facilities could not generate sufficient cash flow to continue operating on a profitable basis and the Debtors defaulted on the loan. Many of the Debtors' customers filed for bankruptcy or did not renew their contracts with the Debtors. Due to the Debtors' default on the loan, the lender called the Note in or around December 2009.

12. Management for the Debtors has determined that an expeditious and orderly bankruptcy sale of the assets of the Debtors is the best way to preserve and maximize the value of its Chapter 11 estate, to save jobs, and benefit the communities where the Debtors have operations.

13. On or around July 23, 2009, the Debtors retained a restructuring advisor to advise them with respect to strategic alternatives. The Debtors were presented to potential investors and purchasers since that time. After considering alternatives, the Debtors have entered into an Asset Purchase Agreement pursuant to which they contemplate selling their assets. The Debtors have filed a motion seeking authority to consummate the transactions contemplated by the Asset Purchase Agreement and to sell its assets under section 363 of the Bankruptcy Code.

## **JURISDICTION**

14. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015(b).

3
Case 10-01342    Doc 2    Filed 03/26/10    Entered 03/26/10 17:07:05    Desc Main
                    Document    Page 3 of 8

## JOINT ADMINISTRATION OF THESE CASES IS WARRANTED

15. The Debtors seek the joint administration and consolidation of their chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b), which provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a partnership and one or more of its general partners, … or a debtor and an affiliate, the court may order joint administration of the estates.

Fed. R. Bank. P. 1015(b).

16. Dunhill Entities GP is the general partner of Dunhill Entities LP and Dunhill Terminals GP is the general partner of Dunhill Terminals LP. In addition, the Debtors here are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

17. Joint administration of the Debtors' cases is appropriate because the Debtors intend to file with this Court numerous joint motions and applications, including a disclosure statement and plan. Thus, the joint administration of these cases, including the combining of notices to creditors of the respective estates, as well as the notices and hearing of all matters at the same time, including without limitation, motions and adversary proceedings, will promote the economical, efficient and convenient administration of the Debtors' estates. The Court will be relieved of the burdens of entering duplicate orders and maintaining duplicate files. Supervision of the administrative aspects of the chapter 11 cases by the Court and the Office of the Bankruptcy Administrator also will be simplified.

18. The rights of the creditors of each Debtor will not be adversely affected by joint administration of these cases, and in fact, are likely to be enhanced because joint administration should reduce administrative costs. Joint administration is not intended to affect creditors'

substantive rights, and thus, unless the Court orders otherwise, each creditor shall be entitled to file its claim against the particular estate which owes it money.

19. By reason of the foregoing, the interests of the Debtors, their creditors and equity security holders will best be served by the joint administration of the above-captioned cases.

20. The Debtors request that one file and one docket should be maintained for the jointly administered cases, which should be the file and docket established for Dunhill Entities LP, and the caption should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| In re:<br><br>DUNHILL ENTITIES, L.P.;<br>DUNHILL ENTITIES GP, LLC;<br>DUNHILL TERMINALS, L.P.; AND<br>DUNHILL TERMINALS GP, LLC;<br><br>Debtors. | Chapter 11<br><br>Bankruptcy No. 10-01342;<br>Bankruptcy No. 10-01346;<br>Bankruptcy No. 10-01345; and<br>Bankruptcy No. 10-01350.<br><br>JOINTLY ADMINISTERED |

21. The Debtors do not seek substantive consolidation by this Motion, but reserve the right to do so in the future pursuant to a separate motion.

22. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors, as debtors-in-possession, seek from this Court entry of an order consolidating for administrative purposes the Debtors' chapter 11 cases and granting such other and further relief as is just and proper.

Dated: March 26, 2010

/s/ Lawrence B. Voit
Lawrence B. Voit    VOI001

/s/ Alexandra K. Garrett
Alexandra K. Garrett  KAT007

SILVER, VOIT & THOMPSON,
Attorneys at Law, P.C.
4317-A Midmost Drive
Mobile, Alabama 36609-5589
Telephone: 251/343-0800
Fax: 251/343-0862
Email: lvoit@silvervoit.com
LS-7873-13563/lmm

Attorneys for Debtors Dunhill Entities, L.P.; Dunhill Entities GP, LLC; Dunhill Terminals, L.P.; and Dunhill Terminals GP, LLC

# CERTIFICATE OF SERVICE

I, Alexandra K. Garrett, do hereby certify that I have served a copy of the foregoing pleading upon the below people via fax and/or e-mail, on this the 26th day of March, 2010:

A&M Portables, Inc.
Fax No. (251) 679-1930

A & H Boiler Sales and Service
Fax No. (251) 937-0599

Ace Fabricators
Fax No. (251) 580-3692

Ace Paint Maintenance, Inc.
Fax No. (251) 580-3692

AL Dept of Industrial Relation
Fax No. (251) 461-4178

Al Hill's Boiler Sales
Fax No. (251) 653-0362

Alabama Power
Fax No. (251) 694-2391

American International Company
Fax No. (212) 785-9495

Aquaterra
Fax No. (225) 344-6346

Arc Terminals LP
Fax No. (212) 888-2854

AT&T
Fax No. (713) 567-1233

Briggs Equipment
Fax No. (251) 456-5700

City of Mobile Revenue Dept.
Fax No. (334) 208-7511
Driven Engineering
Fax No. (251) 645-0971

Evans Leroy and Hackett, PLLC
info@elhlaw.com

Evergreen Tank Solutions
Luther.Newberry@evergreentank.com

Express Scripts
Fax No. (888) 802-4278

Franklin, Cardwell & Jones, P.C.
Fax No. (713) 222-0938

Freeman Security Company
Frederickfreeman54@yahoo.com

G&K Services
akweb@gkservices.com

Golden Railroad Const. Inc.
Fax No. (850) 215-3111

Graherne, Inc.
Fax No. (713) 753-7177

Gulf Atlantic Capital
Fax No. (813) 288-8263

Gulf Supply Co. Inc.
Fax No. (251) 457-4606

H&H Electric Co., Inc.
Fax No. (251) 675-5497

Heggeman Realty Company
Fax No. (251) 479-8630
IREC
Fax No. (203) 984-3487

IRS
Charles.Baer@usdoj.gov

Jackson Key and Associates, LL
Fax No. (251) 432-9319

Kentwood Springs
Fax No. (770) 965-4580

Lincoln National Life Ins
Fax No. (402) 361-1330

Marilyn E. Wood
Fax No. (251) 574-4714
Fax No. (251) 574-5529

MBM Advisors, Inc.
Fax No. (713) 228-3448

McGinnis & Associates, Inc.
Fax No. (251) 341-5047

Mobile Area Water and Sewer
Fax No. (694-3448

Mobile Gas
Fax No. (251) 450-5704

Mod Space
Fax No. (610) 771-4125

Nature's Way
Fax No. (713) 443-5867
Fax No. (251) 443-5867

Nature's Way Marine, LLC
Fax No. (257) 443-5867

PAETEC
Fax No. (585) 340-2801

Pitney Bowes Inc.
Fax No. (800) 882-2499

Rain for Rent
Fax No. (661) 393-6897

Safe Rack
Fax No. (803) 774-7233

Seyfarth Shaw LLP
Fax No. (713) 821-0674

Smart Choice Office Supply
Fax No. (251) 665-7374

Smith Industrial Service
Fax No. (251) 473-6315

State of Alabama Dept. of Revenue
Fax No. (334) 242-8915

Sunbelt Rentals
Fax No. (251) 408-0804

Tax Trust Account
Fax No. (334) 208-7511

Terminal Railway
JSims@asdd.com

Travis Bedsole, Bankruptcy Administrator
Fax No. (251) 441-6263

Wade Office Products
Fax No. (251) 666-3339

Weeks Marine
Fax No. (908) 272-4740

YMCA of South Alabama
Fax No. (251) 438-1174

/s/ Alexandra K. Garrett
Alexandra K. Garrett