UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>DUNHILL ENTITIES, L.P.;<br>DUNHILL ENTITIES GP, LLC;<br>DUNHILL TERMINALS, L.P.; AND<br>DUNHILL TERMINALS GP, LLC;<br><br>Debtors. | Chapter 11<br><br>Bankruptcy No. 10-01342;<br>Bankruptcy No. 10-01346;<br>Bankruptcy No. 10-01345; and<br>Bankruptcy No. 10-01350.<br><br>JOINT ADMINISTRATION REQUESTED<br><br>**EXPEDITED HEARING REQUESTED** |

**EMERGENCY MOTION PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, AND 6006, FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (B) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (C) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES; AND (II) AN ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES; AND (C) GRANTING RELATED RELIEF**

TO UNITED STATES BANKRUPTCY JUDGE:

The Debtors[1] hereby move the Court for the entry, pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) of an order (i) approving certain procedures for the sale of substantially all of the assets, and the assumption

---

[1] The Debtors are Dunhill Entities, L.P., Dunhill Entities GP, LLC, Dunhill Terminals, L.P., and Dunhill Terminals GP, LLC.

and assignment of certain executory contracts and leases, of the Debtors (the "Sale"); (ii) scheduling a hearing to approve the Sale and approving the form and manner of notice thereof; and (iii) establishing procedures for the assumption and assignment of executory contracts and leases, and (b) of an order authorizing (i) the Sale free and clear of liens, claims, encumbrances and other interests in the property to be sold; and (ii) the assumption and assignment of executory contracts and leases in connection therewith.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2. On March [26], 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors commenced their chapter 11 cases to implement the terms of an Asset Purchase Agreement by and between the Debtors and Arc Terminals LP ("Arc" or the "Proposed Purchaser") dated as of March 10, 2010 ("APA," a copy of which is attached hereto as **Exhibit "A"**) that was negotiated in good faith by the Debtors and Arc through arms' length

2

negotiations. Arc is a secured creditor with a valid, binding, first and prior, duly perfected security interest in substantially all of the assets of the Debtors.[2]

4. Pursuant to the APA, Arc has agreed to act as a stalking horse bidder to purchase the Purchased Assets (as defined in the APA) (hereinafter referred to as the "Assets"), which constitute substantially all of the assets of the Debtors.

5. The Assets have been fully marketed by the Debtors, with the assistance of several outside consultants, for over a year, which involved numerous on-site due diligence visits by key industry players. The offer by the Proposed Purchaser was the highest and best offer for the Assets. In the Debtors' business judgment, the sale of the Assets to the Proposed Purchaser, subject to higher and better bids that may be received after an auction of the Assets pursuant to the procedures set forth herein, is in the best interests of the Debtors' estates and their creditors.

## RELIEF REQUESTED

6. The Debtors seek entry of two orders. First, the Debtors request that the Court set a hearing on their request for approval of bid procedures in connection with the sale of their assets and that, at the conclusion of such hearing, the Court enter an order in the form attached hereto as **Exhibit "B"** (the "Bidding Procedures Order"):

(a) Authorizing and approving the bidding procedures (the "Bidding Procedures," a copy of which is attached hereto as **Exhibit "C"**) for the conduct of an auction (the "Auction") to obtain the highest or otherwise best price in the Sale;

(b) Authorizing and approving procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale;

(c) Approving the proposed Notice of (A) Proposed Sale of Assets Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and

---

[2] Arc, as assignee of Regions Bank, is a party to that certain Credit Agreement dated November 21, 2007 and related documents (the "Loan Documents") pursuant to which the Debtors granted a first priority lien in substantially all of their assets.

Assignment of Certain Executory Contracts and Unexpired Leases, (C) Hearing on Approval Thereof, and (D) Bidding Procedures in Connection with the Proposed Sale, a form of which is attached hereto as **Exhibit "D"** (the "Auction and Sale Hearing Notice"), and the proposed Notice of Proposed Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and the Fixing of the Cure Costs Associated Therewith, a form of which is attached hereto as **Exhibit "E"** (the "Assumption Notice")

(d) Approving the Proposed Purchaser as the "stalking horse bidder" under the terms and conditions set forth in the APA; and

(e) Authorizing Arc to "credit bid" for the Assets at the Auction up to the full amount of its claims arising under the Loan Documents.

Second, the Debtors request that the Court set a hearing on the Debtors' request to approve the Sale ("Sale Hearing"), and that after such hearing, the Court enter an order [in the form attached hereto as **Exhibit "F"** (the "Sale Approval Order")] authorizing, among other things, the sale of assets free and clear of liens and other interests, and the assumption and assignment of the executory contracts and unexpired leases listed on Schedule 1.01(a)(v) and Schedule 3.07(a) of the APA, as such schedules may be further amended (to delete certain executory contracts or unexpired leases) at any time prior to the Sale Hearing, and approving Arc or the Prevailing Bidder, as applicable, as the purchaser of the Assets.

## THE SALE TRANSACTION

7. The APA serves as the template upon which competing bidders will prepare their bids for the Sale, except that any competing bid must be a cash bid. The principal terms of the APA are as follows:

- Scope of Transaction. Substantially all of the Debtors' assets are being sold, and those certain executory contracts and unexpired leases listed on Schedule 1.01(a)(v) and Schedule 3.07(a) of the APA are being assumed and assigned. The Sale will be on a going concern basis which will enable the day-to-day operations to continue in a seamless manner for the benefit of the Debtors' clients and customers.

4

Case 10-01342    Doc 11    Filed 03/26/10    Entered 03/26/10 20:17:03    Desc Main
          Document      Page 4 of 19

- Consideration. The total purchase price under the APA is approximately $40,500,000, of which $500,000 will be paid in cash, and approximately $40,000,000 will be paid by the Proposed Purchaser, if it is the winning bidder, through extinguishment of obligations of the Debtors under the Loan Documents. In addition, the Proposed Purchaser has agreed to assume certain liabilities (the "Assumed Liabilities").

- Assumed Liabilities. The Assumed Liabilities include (i) all liabilities, obligations and commitments of the Debtors under the Assigned Contracts and the Assigned Permits that arise after and relate to the period following the Closing which are not Cure Amounts, and (ii) all liabilities, obligations and commitments assumed under Section 5.05(b)((ii) of the APA relating to ad valorem taxes.

- Excluded Liabilities. The Proposed Purchaser shall not assume or be liable for any liabilities of the Debtors other than the Assumed Liabilities, including, without limitation, any Cure Amounts payable with respect to any contracts to which any of the Debtors is a party.

## THE BIDDING PROCEDURES ORDER

*Bidding Procedures*

8. Pursuant to Bankruptcy Rule 6004(f), sales of property outside the ordinary course of business may be by private sale or auction. The Debtors believe that good cause exists to sell the Assets at auction. An auction conducted substantially in accordance with the Bidding Procedures will enable the Debtors to obtain the highest and best offer for the Assets, thereby maximizing the value of the Assets for the benefit of the creditors. The Debtors request that the Court approve the Bidding Procedures. Certain of the key terms of the Bidding Procedures are highlighted as follows:[3]

- Notice of Auction and Sale Hearing. Within one (1) Business Day following the entry of the Bidding Procedures Order, the Debtors will cause service of the Auction and Sale Hearing Notice by first class mail, postage prepaid, or electronic mail to: (a) all potential purchasers previously identified or solicited

---

[3] To the extent of any conflict between this summary and the terms of the Bidding Procedures contained in **Exhibit "C"** hereto, the terms of **Exhibit "C"** shall control. All capitalized terms not specifically defined in the following summary shall have the meaning ascribed in the Bidding Procedures attached hereto as **Exhibit "C"**.

5

by the Debtors and any additional parties who have previously expressed an interest in potentially acquiring the Debtors assets at any time, (b) all other potentially interested parties identified by the Debtors in their business judgment as a potential purchaser (collectively, with the parties identified in (a) above, the "Potential Purchasers"); (c) the Office of the United States Bankruptcy Administrator, (d) counsel for the Proposed Purchaser, (e) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Assets, (f) any applicable federal, state and local regulatory or taxing authority, recording office or any governmental entity which has a reasonably known interest in the relief requested in the Motion (g) all counterparties to executory contracts and unexpired leases identified in the APA for assumption and/or assignment, and (h) all other parties on the most current master service list and mailing matrix filed in the Bankruptcy Cases;[4]

- Qualified Bidder. To ensure that only bidders with a serious interest in purchasing the Assets participate in the bidding process, the Bidding Procedures provide for certain minimal requirements for a potential bidder to become a "Qualified Bidder." These requirements include, but are not limited to, delivery to the Debtors, so as to be received no later than 5:00 p.m. Central Time on **[April 28, 2010]** of (i) an executed confidentiality agreement, (ii) financial and other information that allows the Debtors to make a reasonable determination as to such bidder's ability to consummate the transaction (the "Transaction") within the time frame set forth for Closing in the APA, and (iii) such other written evidence as may be requested by the Debtors or their agents, advisors, or representatives, from time to time. The Debtors shall make an initial determination as to which prospective bidders have qualified to become a Qualified Bidder by **[April 30, 2010]** and shall provide a list of Qualified Bidders to the Proposed Purchaser within 24 hours of such date. The Proposed Purchaser is and shall be deemed to be a Qualified Bidder for all purposes and shall be entitled to "credit bid" for the Assets in an amount up to the full amount of its claims arising under the Loan Documents.

- Due Diligence. The Bidding Procedures permit all Qualified Bidders an opportunity to participate in the diligence process. Any person conducting due diligence must complete their due diligence by **[May 5, 2010]**.

- Form and Content of Competing Proposals. The Bidding Procedures require that Competing Proposals (as defined below), among other things: (i) be accompanied by an executed "clean" version of the APA (together with a blackline reflecting how such agreement varies from the original APA); (ii)

---

[4] The inclusion of any document on the list of contracts to be assumed and assigned shall not constitute or be deemed to be a determination or admission by the Debtors or the Proposed Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

6

identify the cash consideration to be paid for the Assets; (iii) include a letter setting forth (a) the identity of the bidder (including an authorized representative thereof) making the Competing Proposal and the identity of all persons or entities having direct or indirect ownership or control of such bidder, (b) such bidder's counsel, (c) contact information for such bidder, its authorized representative and its counsel, and as to each, such person's full name, company or firm, physical address or other address at which such person receives overnight deliveries, telephone number, facsimile number and email address, (d) an acknowledgment that the bidder (1) has had an opportunity to examine the Assets prior to making its offer, (2) has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid, and (3) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Transaction or the completeness of any information provided in connection with the implementation of the Bidding Procedures, in each case except as expressly stated in its Competing Proposal, (e) a representation that the total consideration to be paid satisfies the Initial Overbid Requirement (as defined below), (f) an acknowledgement that such bidder submits to the core jurisdiction of the Bankruptcy Court and will waive the right to a jury trial, to the extent any such right exists, (g) an acknowledgement that such bidder is aware of the collusive bidding provisions contained in 11 U.S.C. § 363(n) and will comply with such provisions, (h) an acknowledgement that such bid constitutes the entire consideration to be paid to the Debtors or any related party for the Assets; and (i) and acknowledgement that sale of the Assets is to be for cash consideration and, except as provided in the APA, shall be on an "as is, where is" basis; (iv) contain evidence of financial ability to consummate the transaction; (v) confirm that the representative of the bidder who will be attending the Auction is, and at the Auction will be, duly authorized to both bid on behalf of such bidder at the Auction, and enter into and bind such bidder to the applicable APA; (vi) contain a written acknowledgment that such bid is binding upon the bidder submitting the bid and is unconditional and not contingent upon any due diligence investigation, or the receipt of financing, or any other event that is in addition to or more burdensome than the conditions set forth in the APA; (vii) contain written evidence that the bidder has the requisite corporate or similar authority to consummate the Competing Proposal; (viii) contain a written acknowledgment that such bid is irrevocable until the later of (a) fifteen (15) days after the entry of the Sale Order, (b) actual consummation of the Transaction if such bidder is designated as Back-Up Bidder for the Transaction in the Sale Order, and (c) until **June 30, 2010**, if such bid is approved by the Bankruptcy Court as a Prevailing Bid (as defined below); (ix) be accompanied by a cash deposit equal to ten percent (10%) of the proposed consideration to be paid under such Competing Proposal;[5] (x) contain written

---

[5] Such deposit shall be deposited in an escrow account pursuant to the terms of an escrow

7

Case 10-01342    Doc 11    Filed 03/26/10    Entered 03/26/10 20:17:03    Desc Main
              Document      Page 7 of 19

evidence that the bidder can provide adequate assurance of its future performance under any executory contract or unexpired lease that is to be assumed and assigned as provided in the APA; (xi) provide a bid of cash consideration that exceeds the purchase price as provided in the APA by at least $250,000.00 (the "Initial Overbid Requirement"); (xii) contain a written statement that bidder understands and acknowledges that the Assets are being sold in globo and that bids will not be accepted for the Debtors' assets on a piecemeal basis; and (xiii) be supplemented with such other information as Debtors may request. Each such proposal that contains all of the foregoing shall be a "Competing Proposal." A Qualified Bidder that does not submit a Competing Proposal in accordance with these procedures shall cease to be a Qualified Bidder and shall be disqualified from further participation in the bidding process, making a bid for the Assets, and participation in the Auction.

- Competing Proposals Deadline. The Debtors are requesting a deadline for submission of Competing Proposals of 5:00 p.m. Central Time on **[May 10, 2010]** (the "Bid Deadline"). Within 24 hours following the Bid Deadline, the Debtors shall forward copies of all Competing Proposals to counsel for the Proposed Purchaser and each Qualified Bidder that properly submitted a Competing Proposal.

- Auction. The Auction will take place on **[May 12, 2010]**, commencing at 11:00 a.m. Central Time at the offices of Silver, Voit & Thompson, Attorneys at Law, P.C., 4317-A Midmost Dr., Mobile, Alabama 36609. All bids shall be for the Assets, in globo. No bids for individual or smaller groups of assets will be accepted. All Qualified Bidders, or their authorized representatives, must be physically present or present via teleconference at the Auction. Only Qualified Bidders may present bids or overbids at any time during the Auction and only a Qualified Bidder can be a purchaser of the Assets. Upon the commencement of the Auction, the Debtors will announce the highest or otherwise best Competing Proposal and identify the distinctions between such Competing Proposal and the APA. Minimum overbid increments at the Auction shall be in the amount of not less than $100,000.00.

- Selection of the Prevailing Bid and Bidder. Upon conclusion of the Auction and subject to Bankruptcy Court approval in regard to consummation of the Transaction, the Debtors will identify the highest or otherwise best Competing Proposal for the Assets (the "Prevailing Bid"), the bidder who submitted such Competing Proposal (the "Prevailing Bidder"), the next highest or otherwise best Competing Proposal (the "Back-Up Bid") and the bidder who submitted such Competing Proposal (the "Back-Up Bidder"). Any order approving the sale of the Assets to a Prevailing Bidder other than the Proposed Purchaser

---

agreement substantially in the form set forth on **Exhibit "G"** attached hereto. Any bidder establishing an escrow account in accordance with these Bidding Procedures will be required to comply with the information requirements of the USA Patriot Act.

8

shall provide that the proceeds from such sale, less an amount equal to the Cash Consideration (as defined in the APA), shall be paid directly to the Proposed Purchaser.

- Failure to Consummate a Prevailing Bid / Binding Nature of Back-Up Bidder. If for any reason a Prevailing Bidder fails to timely consummate the transactions contemplated by its Prevailing Bid and the Sale Order, the Debtors may declare a Back-Up Bidder as having submitted the highest or otherwise best bid (and such Back-Up Bidder shall become a Prevailing Bidder hereunder for all purposes) and seek to consummate a Back-Up Bid without further approval by the Bankruptcy Court. The Back-Up Bidder for any proposed sale shall be deemed to keep its offer open until the applicable sale to a Prevailing Bidder is actually consummated; provided that the Proposed Purchaser may not be compelled to serve as the Back-Up Bidder absent their consent.

- Deadline to File Objections. Any objection relating to the Prevailing Bid must be filed and served upon (i) counsel to the Debtors, (ii) the Prevailing Bidder and its counsel, (iii) counsel to Arc, and (iv) the United States Bankruptcy Administrator so as to be actually received no later than **5:00 p.m. (Central Time) on May 13, 2010.** Objections are limited solely to the selection of the Prevailing Bid. All other objections to the sale of the Assets as contemplated in the Bid Procedures and Sale Motion are due by **5:00 p.m. (Central Time) on May 10, 2010.**

- Effect of Bidder Becoming the Prevailing Bidder. If a bidder (other than the Proposed Purchaser) becomes a Prevailing Bidder, the following shall occur: (i) the terms of the APA shall be deemed amended to provide the remedy of specific performance to the Prevailing Bidder and, on the one hand, and the Debtors, on the other hand, (ii) the Prevailing Bidder shall not be entitled to any break-up fees or expense reimbursement, and (iii) any deposit provided by the Prevailing Bidder shall be applied as a credit against the cash purchase price to be paid under the APA.

9. The foregoing Bidding Procedures provide an appropriate framework for selling the Assets and will enable the Debtors to review, analyze and compare all bids received to determine which bid is in the best interests of the Debtors' estates and creditors. Therefore, the Debtors respectfully request that this Court approve the Bidding Procedures.

9

*Procedures for Notice and Objections to the Sale or to the Assumption*
*And Assignment Of Executory Contracts and Unexpired Leases*

10. Under Bankruptcy Rule 2002(a) and (c), the Debtors are required to notify their creditors of the proposed sale of the Assets, including a disclosure of the time and place of the Auction, the terms and conditions of the sale, and the deadline for filing any objections thereto. The proposed Auction and Sale Hearing Notice and Assumption Notice contain the type of information required under Bankruptcy Rule 2002(c) and will also attach the Bidding Procedures. The Assumption Notices will identify the executory contracts and leases that the Debtors intend to assume and assign to the Proposed Purchaser (or the Prevailing Bidder, as applicable) in connection with the Sale (the "Assigned Contracts"). This information will enable interested parties to participate in the Auction and Sale Hearing if they choose and will allow counterparties to executory contracts and leases adequate and sufficient notice of the Debtors' intent assume and assign the executory contracts and leases and the relevant cure amounts. Accordingly, the Debtors request that this Court approve the form and content of the Auction and Sale Hearing Notice and Assumption Notice.

11. The Debtors have served this Motion by the electronic court filing system (ECF) and first class United States mail, postage prepaid, as the case may be, on the parties listed on the Debtors' Master Service List. The Debtors will also serve a copy of this Motion, the order approving this Motion, and the Auction and Sale Hearing Notice on all Potential Purchasers. The Debtors propose to serve the Auction and Sale Hearing Notice, together with the Bidding Procedures, within one business day after the entry of the Bidding Procedures Order approving the relief requested herein, by the electronic court filing system or first-class United States mail, postage prepaid, as the case may be, on the parties identified in paragraph 8 herein.

10

12. Within one business day following the entry of the Bidding Procedures Order, the Debtors will cause service of (i) the (completed) Assumption Notices to all parties on the most current master service list on file in these Cases and (ii) the applicable (completed) Assumption Notice to all counterparties to executory contracts and unexpired leases identified in the Agreements for assumption and/or assignment.[6]

13. The notices to be provided and the method of service proposed herein constitute good, proper and adequate notice of the sale of the Assets and the proceedings to be had with respect thereto (including, but not limited to, the Auction and the Sale Hearing). Therefore, the Debtors respectfully request that this Court approve the foregoing notice procedures.

14. The Debtors propose that the deadline for objecting to approval of the Sale, including (a) the sale free and clear of liens, claims, encumbrances and interests pursuant to section 363 of the Bankruptcy Code, (b) the assumption by the Debtors and/or the assignment to the Proposed Purchaser or the Prevailing Bidder, as applicable, of the Assigned Contracts, shall be [May 10, 2010] at 5:00 PM (prevailing Central Time) (the "Sale Objection Deadline"), provided, however, that in the event the Auction results in a Prevailing Bidder (as such term is defined in the Bidding Procedures) other than the Proposed Purchaser, the deadline for objecting to the assignment of executory contracts and unexpired leases to such Prevailing Bidder shall be [May 13, 2010] at 5:00 PM (prevailing Central Time). All such objections shall be filed with the Court by such deadlines and served so as to be received by such deadlines upon counsel to the Debtors, Silver, Voit & Thompson, Attorneys at Law, P.C., 4317-A Midmost Dr., Mobile, Alabama 36609, Attn: Lawrence B. Voit, and counsel to the Proposed Purchaser, Vinson &

---

[6] The inclusion of any document on the list of contracts to be assumed and assigned shall not constitute or be deemed to be a determination or admission by the Debtors or the Proposed Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

11

Elkins L.L.P., 1001 Fannin Street, Suite 2500, Houston, Texas 77002-6760, Attn: Harry A. Perrin.

*Authorization of Proposed Purchaser to Credit Bid*

15. The Proposed Purchaser has required as a condition of its bid that the Court authorize it to "credit bid" up to the full amount of its claims arising under the Loan Documents, as part of its purchase price. These amounts are secured by first priority liens on substantially all of the Debtors' assets and those liens are valid, binding, enforceable obligations of the Debtors not subject to avoidance, recharacterization, counterclaim, recoupment or setoff. The Debtors request that the Bidding Procedures Order and Sale Order specifically authorize the Proposed Purchaser to credit bid its claim.

## ARGUMENT

*Approval of the Sale under Section 363*

16. Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A debtor must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., In re Gulf States Steel, Inc.*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002)(applying business judgment standard to § 363 sale); *In re Tom's Foods Inc.*, 2005 WL 3022022, *2 (Bankr. M.D. Ga., Sept. 23, 2005)(addressing the business judgment standard in the context of a motion to approve bidding procedures and sale of assets after an auction).

17. Section 363(m) of the Bankruptcy Code also provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in

good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

18. The Debtors have sound business justifications for the Sale at this time. The Debtors believe that the Sale is in the best interests of their estates. The Debtors also believe that the Proposed Purchaser has acted in good faith in connection with the Sale.

*Approval of Sale Free and Clear*

19. The Debtors request approval to sell their property free and clear of any and all liens, claims, and encumbrances in accordance with Bankruptcy Code § 363(f). Pursuant to Bankruptcy Code § 363(f), a debtor in possession may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

- applicable nonbankruptcy law permits sale of such property free and clear of such interest;
- such entity consents;
- such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
- such interest is in bona fide dispute; or
- such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

20. Although there may be liens junior to the liens of the Proposed Purchaser, the Debtors submit that they may sell the Assets free and clear of the liens, claims, and encumbrances of such junior lienholders pursuant to § 363(f). To the extent the Proposed Purchaser is not the purchaser of the assets, it has reserved its right to object to a sale free and clear of its liens.

13

*Assumption and Assignment of Executory Contracts and Unexpired Leases*

21.     To facilitate and effectuate the Sale, the Debtors also seek to assume and assign certain executory contracts and unexpired leases to the Proposed Purchaser or the Prevailing Bidder, to the extent required by a successful bid at the Auction.

22.     Section 365 of the Bankruptcy Code authorizes a debtor to assume and/or assign its executory contracts subject to the approval of the Court:

> (a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an expired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease. . . .
>
> (f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if —
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

14

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

See 11 U.S.C. §§ 365(a), (b)(1), (f)(2). Accordingly, § 365 Code authorizes the proposed assumptions and assignments of executory contracts and unexpired leases, provided that the defaults under such contracts are cured or promptly cured and adequate assurance of future performance is provided.

23. It is well-settled that the meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but that a contract counterparty is not required to receive an absolute guarantee of future performance. *See, In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994)("[T]he assurance of performance is adequate if performance is likely (i.e. more probable than not); the degree of assurance necessary falls considerably short of an absolute guaranty."); *In re DH4, Inc.*, 2007 WL 3283781, *4 (Bankr. S.D. Fla. Nov. 2, 2007)("Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance.")(quoting *Cinicola v. Sharfenberger*, 248 F.3d 110, 120 n.10 (3d Cir. 2001)). In connection with the Sale Hearing, the Debtors will provide evidence that all requirements for the assumption and assignment of the executory contracts and unexpired leases proposed to be assigned to Arc or a different winning bidder will be satisfied. Thus, the Debtors respectfully submit that, by the conclusion of the Sale Hearing, assumption and assignment of the executory contracts and unexpired leases should be approved.

24. The Debtors request that any party failing to object to the proposed transactions be deemed to consent to the treatment of its executory contract or unexpired lease under Bankruptcy Code § 365 (including the proposed cure amount) as set forth in this Motion and any related documents or pleadings. Moreover, the Debtors request that each such party be deemed

15

to consent to the assumption and assignment of its executory contract and/or unexpired lease notwithstanding any anti-alienation provision or other restriction on assignment. See 11 U.S.C. §§ 365(c)(1)(B), (e)(2)(A)(ii), and (f).

## PERMISSION TO ESTABLISH ESCROW ACCOUNTS

25. Pursuant to the terms of the Bidding Procedures, each Competing Proposal must be accompanied by a cash deposit equal to ten percent (10%) of the proposed consideration to be paid under such Competing Proposal (each, an "Overbid Deposit"). The Debtors request authority to open an interest-bearing escrow account(s) with JPMorgan Chase Bank, N.A, pursuant to an escrow agreement substantially in the form attached hereto as **Exhibit "G"**, for the purpose of administering each Overbid Deposit.

## REQUEST FOR WAIVER OF RULE 6004(h) AND 6006(d) STAY

26. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. Proc. 6004(h). Pursuant to Bankruptcy Rule 6006(d), "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise." Time is of the essence in closing on the Sale and assuring the seamless transition of Assets to the new owner. The Debtors, therefore, request a waiver of the stays imposed by Bankruptcy Rule 6004(h) and 6006(d).

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Bid Procedures Order and, at the conclusion of the Sale Hearing, the Sale Order, and (b) grant such other and further relief to the Debtors as the Court may deem proper.

16

Dated: March 26, 2010

/s/ Lawrence B. Voit
Lawrence B. Voit    VOI001

/s/ Alexandra K. Garrett
Alexandra K. Garrett   KAT007

SILVER, VOIT & THOMPSON,
Attorneys at Law, P.C.
4317-A Midmost Drive
Mobile, Alabama 36609-5589
Telephone: 251/343-0800
Fax: 251/343-0862
Email: lvoit@silvervoit.com
LS-7873-13563/lmm

Attorneys for Debtors Dunhill Entities, L.P.;
Dunhill Entities GP, LLC; Dunhill
Terminals, L.P.; and Dunhill Terminals GP,
LLC

17

## CERTIFICATE OF SERVICE

I, Alexandra K. Garrett, do hereby certify that I have served a copy of the foregoing pleading upon the below people via fax and/or e-mail, on this the 27th day of March, 2010:

A&M Portables, Inc.
Fax No. (251) 679-1930

A & H Boiler Sales and Service
Fax No. (251) 937-0599

Ace Fabricators
Fax No. (251) 580-3692

Ace Paint Maintenance, Inc.
Fax No. (251) 580-3692

AL Dept of Industrial Relation
Fax No. (251) 461-4178

Al Hill's Boiler Sales
Fax No. (251) 653-0362

Alabama Power
Fax No. (251) 694-2391

American International Company
Fax No. (212) 785-9495

Aquaterra
Fax No. (225) 344-6346

Arc Terminals LP
Fax No. (212) 888-2854

AT&T
Fax No. (713) 567-1233

Briggs Equipment
Fax No. (251) 456-5700

City of Mobile Revenue Dept.
Fax No. (334) 208-7511

Driven Engineering
Fax No. (251) 645-0971

Evans Leroy and Hackett, PLLC
info@elhlaw.com

Evergreen Tank Solutions
Luther.Newberry@evergreentank.com

Express Scripts
Fax No. (888) 802-4278

Franklin, Cardwell & Jones, P.C.
Fax No. (713) 222-0938

Freeman Security Company
Frederickfreeman54@yahoo.com

G&K Services
akweb@gkservices.com

Golden Railroad Const. Inc.
Fax No. (850) 215-3111

Graherne, Inc.
Fax No. (713) 753-7177

Gulf Atlantic Capital
Fax No. (813) 288-8263

Gulf Supply Co. Inc.
Fax No. (251) 457-4606

H&H Electric Co., Inc.
Fax No. (251) 675-5497

Heggeman Realty Company
Fax No. (251) 479-8630

13

IREC
Fax No. (203) 984-3487

IRS
Charles.Baer@usdoj.gov

Jackson Key and Associates, LL
Fax No. (251) 432-9319

Kentwood Springs
Fax No. (770) 965-4580

Lincoln National Life Ins
Fax No. (402) 361-1330

Marilyn E. Wood
Fax No. (251) 574-4714
Fax No. (251) 574-5529

MBM Advisors, Inc.
Fax No. (713) 228-3448

McGinnis & Associates, Inc.
Fax No. (251) 341-5047

Mobile Area Water and Sewer
Fax No. (694-3448

Mobile Gas
Fax No. (251) 450-5704

Mod Space
Fax No. (610) 771-4125

Nature's Way
Fax No. (713) 443-5867
Fax No. (251) 443-5867

Nature's Way Marine, LLC
Fax No. (257) 443-5867

PAETEC
Fax No. (585) 340-2801

Pitney Bowes Inc.
Fax No. (800) 882-2499

Rain for Rent
Fax No. (661) 393-6897

Safe Rack
Fax No. (803) 774-7233

Seyfarth Shaw LLP
Fax No. (713) 821-0674

Smart Choice Office Supply
Fax No. (251) 665-7374

Smith Industrial Service
Fax No. (251) 473-6315

State of Alabama Dept. of Revenue
Fax No. (334) 242-8915

Sunbelt Rentals
Fax No. (251) 408-0804

Tax Trust Account
Fax No. (334) 208-7511

Terminal Railway
JSims@asdd.com

Travis Bedsole, Bankruptcy Administrator
Fax No. (251) 441-6263

Wade Office Products
Fax No. (251) 666-3339

Weeks Marine
Fax No. (908) 272-4740

YMCA of South Alabama
Fax No. (251) 438-1174

/s/ Alexandra K. Garrett
Alexandra K. Garrett