IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In re | § | |
| | § | Chapter 11 |
| Dunhill Terminals, L.P., *et al.* | § | |
| | § | Case No. _____ |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**NOTICE OF (A) PROPOSED SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) HEARING ON APPROVAL THEREOF, AND (D) BIDDING PROCEDURES IN CONNECTION WITH THE PROPOSED SALE**

**NOTICE IS HEREBY GIVEN**, as follows:

1. On [March 26, 2010], the above-captioned debtors and debtors in possession[1] (the "Debtors") filed with the United States Bankruptcy Court for the Southern District of Alabama, (the "Court") a motion pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of (a) an order (i) approving notice and bid procedures (the "Bidding Procedures," attached hereto as **Exhibit "A"**) in connection with the proposed sale of certain assets of the Debtors (the "Assets") (ii) scheduling a hearing and setting bidding and objection deadlines in connection with such sale, and (iii) establishing procedures for the assumption and assignment of executory contracts and leases, and (b) an order (i) authorizing the sale of the Assets free and clear of liens, claims, encumbrances, and other interests, and (ii) authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "Motion")[2] pursuant to that certain Asset Purchase Agreement by and among the Debtors and Arc Terminals LP (the "Proposed Purchaser") dated as of March 10, 2010 (the "APA," a copy of which is attached to the Motion as Exhibit "A").

2. Attached as **Exhibit "B"** hereto is an identification and generalized description of the Assets to be sold and the State and County where located. For a complete and thorough description of the Assets, parties in interest are referred to the APA, a copy of which is attached to the Sale Motion as Exhibit "A."

3. On [April 12, 2010], the Court entered the *Order (A) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets; (B) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (C) Establishing Procedures for the Assumption and Assignment of Executory Contracts and Leases* (the "Bidding

---

[1] The Debtors are Dunhill Entities, L.P., Dunhill Entities GP, LLC, Dunhill Terminals, L.P., and Dunhill Terminals GP, LLC.

[2] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Motion.

Procedures Order") approving, among other things, the Bidding Procedures and the schedule and deadlines related thereto.

4. The Assets will be sold as an entire package, and no bids will be accepted for any particular asset or smaller group of assets. Any Qualified Bidder who desires to make a bid for the Assets must deliver a written copy of its bid, in complete conformity with the requirements of the Bidding Procedures attached hereto as **Exhibit "A"**, by **5:00 p.m. (Central Time) on May 10, 2010**. Notwithstanding that the Assets will be sold as a package, nothing shall prevent two or more bidders from submitting a single, joint bid for the Assets. The Proposed Purchaser is and shall be deemed to be a Qualified Bidder for all purposes and shall be entitled to "credit bid" for the Assets in an amount up to the full amount of its claims arising under the Loan Documents.

5. An Auction, if required, will commence at **11:00 a.m. (Central Time) on [May 12, 2010]** at the offices of Seyfarth Shaw, LLP, 700 Louisiana St., Suite 3700, Houston, Texas 77002. Any objection relating to the Prevailing Bid[3] must be filed and served upon (i) counsel for the Debtors, [name/address/email] (ii) counsel for the Proposed Purchaser, Vinson & Elkins L.L.P., Harry Perrin, 1001 Fannin Street, Suite 2500, Houston, Texas 77002, email: hperrin@velaw.com; (iii) counsel for the Prevailing Bidder, if the Prevailing Bidder is a party other than the Proposed Purchaser; and (iv) the United States Bankruptcy Administrator, [name/address/email] so as to be actually received no later than **5:00 p.m. (Central Time) on [May 13, 2010]**.

6. A hearing to consider the Motion with respect to the approval of the sale of the Assets and the assumption and assignment of certain executory contracts and unexpired leases to the Proposed Purchaser or Prevailing Bidder, as applicable (the "Sale Hearing") will be held on **[May 14_, 2010] at __:__ p.m. (Central Time)**. The Sale Hearing will be held before the Honorable _____, United States Bankruptcy Judge, [court address].

7. Objections, if any, to the sale of the Assets as requested in the Motion shall be made in writing, conform to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of Alabama, shall set forth the name of the objecting party and the nature and amount of any claim or interest held by and against the Debtors' estates or property and state the legal and factual basis for the objection and the specific grounds therefor, and shall be filed with the Court and be served in a manner so as to be actually received by: (i) counsel for the Debtors, [name/address/email] (ii) counsel for the Proposed Purchaser, Vinson & Elkins L.L.P., Harry Perrin, 1001 Fannin Street, Suite 2500, Houston, Texas 77002, email: hperrin@velaw.com; (iii) counsel for the Prevailing Bidder, if the Prevailing Bidder is a party other than the Proposed Purchaser; and (iv) the United States Bankruptcy Administrator, [name/address/email]; so as to be actually received no later than **5:00 p.m. (Central Time) on [May 10, 2010]**.

8. Copies of the APA, the Motion, and the Bidding Procedures Order, may be obtained by contacting in writing Lawrence B. Voit, Silver, Voit & Thompson, Attorneys at

---

[3] Objections are limited solely to the selection of the Prevailing Bid. All other objections to the sale of the Assets must be filed and served pursuant to the procedures outlined in paragraph 7 hereof.

Law, P.C., 4317-A Midmost Drive, Mobile, Alabama 36609-5589, email: lvoit@silvervoit.com, fax: (251) 343-0800


Lawrence B. Voit
SILVER VOIT & THOMPSON, P.C.
4317-a Midmost Drive
Mobile, AL 36609-5589
(251) 343-0800
(251) 343-0862 (Fax)
lvoit@silvervoit.com

Attorneys for:

DUNHILL ENTITIES, L.P.;
DUNHILL ENTITIES GP, LLC;
DUNHILL TERMINALS, L.P.; AND
DUNHILL TERMINALS GP, LLC

# BIDDING PROCEDURES

## Introduction

On [March 26, 2010], Dunhill Entities, L.P., Dunhill Entities GP, LLC, Dunhill Terminals, L.P., and Dunhill Terminals GP, LLC (each a "Debtor" and collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Alabama (the "Bankruptcy Court").

Prior to the filing of these bankruptcy cases, the Debtors entered into negotiations with Arc Terminals LP (the "Proposed Purchaser" or "Arc"), the holder of a claim against the Debtors secured by a valid, binding, first and prior, duly perfected security interest in substantially all of the assets of the Debtors,[1] for the sale and purchase of certain assets. As a result of these negotiations, the Debtors entered into that certain Asset Purchase Agreement (as amended from time to time, the "APA") dated as of March 10, 2010 with the Proposed Purchaser whereby the Proposed Purchaser agreed, among other things, to purchase certain assets from the Debtors. The proposed sale of the Debtors' assets is subject to higher or otherwise better offers. The transaction contemplated under the APA is hereafter referred to as the "Transaction."

On [March 26, 2010], the Debtors filed a motion with the Bankruptcy Court (1) an order approving bidding and auction procedures ("Bidding Procedures") and scheduling a sale hearing and approving the form and manner of notice thereof and (2) an order (a) authorizing the sale of substantially all of the Debtors' assets free and clear of liens, claims, encumbrances and other interests and the assumption and assignment of certain executory contracts and leases (the "Sale"), and (b) establishing procedures for the assumption and assignment of executory contracts and unexpired leases. On [April 12, 2010], the Bankruptcy Court entered an order (the "Bidding Procedures Order" that, among other things, (i) approves these Bidding Procedures, (ii) approves the procedures for any party interested in acquiring the Purchased Assets (as defined in the APA) (hereinafter referred to as the "Assets") to become a Qualified Bidder (as defined below) and submit a Competing Proposal (as defined below), (iii) directs the form and manner of the notice of these Bidding Procedures, (iv) schedules an auction (the "Auction") for the sale of the Assets as herein provided and (v) provides that the hearing seeking approval of the sale of the Assets (the "Sale Hearing") shall be held on **[May 14, 2010] at __:__ _.m. (Central Time)** in [Courtroom number and address of Bankruptcy Court] and that any objections to the Sale must be filed and served upon (i) Debtors' counsel, (ii) counsel to the Proposed Purchaser, and (iii) the United States Bankruptcy Administrator so as to be actually received no later than **5:00 p.m. (Central Time) on [May 12, 2010]**.

## Notice of the Auction Process

In furtherance of the sale process, the Debtors shall:

---

[1] Arc, as assignee of Regions Bank, is a party to that certain Credit Agreement dated November 21, 2007 and related documents (the "Loan Documents") pursuant to which the Debtors granted a first priority lien in substantially all of their assets.

EXHIBIT A

- Within one (1) Business Day following the entry of the Bidding Procedures Order, cause service of a notice of the Sale, Auction, and Sale Hearing (the "Auction and Sale Hearing Notice") by first class mail, postage prepaid, or electronic mail to: (a) all potential purchasers previously identified or solicited by the Debtors and any additional parties who have previously expressed an interest in potentially acquiring the Debtors assets at any time, (b) all other potentially interested parties identified by the Debtors in their business judgment as a potential purchaser (collectively, with the parties identified in (a) above, the "Potential Purchasers"); (c) the Office of the United States Bankruptcy Administrator, (d) counsel for the Proposed Purchaser, (e) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Assets, (f) any applicable federal, state and local regulatory or taxing authority, recording office or any governmental entity which has a reasonably known interest in the relief requested in the Motion, (g) all counterparties to executory contracts and unexpired leases identified in the APA for assumption and/or assignment, and (h) all other parties on the most current master service list and mailing matrix filed in the Bankruptcy Cases;

- Identify Qualified Bidders by **[April 30, 2010]**;

- Assist Qualified Bidders (as defined below) in conducting their due diligence investigations through **[May 5, 2010]**;

- Accept Competing Proposals (as defined below) from Qualified Bidders until **5:00 p.m. (Central Time) on [May 10, 2010]**;

- Conduct an Auction, if necessary, and select the Prevailing Bidder (as defined below) on **[May 12, 2010] at 11:00 a.m. (Central Time)** in the offices of Silver, Voit & Thompson, Attorneys at Law, P.C., 4317-A Midmost Drive, Mobile, Alabama 36609-5589; and

- Diligently pursue the entry of an order (the "Sale Order") by the Bankruptcy Court approving, among other things, the sale of the Assets, and authorizing the Debtors to take all steps necessary and appropriate to consummate the sale of the Assets as provided in the APA.

### Qualified Bidders

Any person seeking to become a Qualified Bidder pursuant to these Bidding Procedures and participate in the Auction must deliver to the Debtors at 450 C Government Street, Mobile, Alabama 36602, Attn: Patricia Waters with a copy to Silver, Voit & Thompson, Attorneys at Law, P.C., 4317-A Midmost Drive, Mobile, Alabama 36609-5589, Attn: Lawrence B. Voit and to the Proposed Purchaser at 3000 Research Forest Drive, Suite 250, The Woodlands, TX 77381, Attn: John S. Blanchard, with a copy to Vinson & Elkins L.L.P., 1001 Fannin Street, Suite 2500, Houston, Texas 77002-6760, Attn: Harry A. Perrin, so as to be received no later than **5:00 p.m. (Central Time) on April 28, 2010**, the following items:

- If they have not already done so, an executed confidentiality agreement, the form and substance of which shall be approved by counsel for the Debtors;

- Financial and other information that allows the Debtors (and their agents, advisors, or representatives) to make a reasonable determination as to such person's financial and other capabilities to consummate the Transaction within the time frame set forth for Closing in the APA; and

- Other written evidence, in form and substance satisfactory to the Debtors in their reasonable business judgment, as may be requested by the Debtors or their agents, advisors, or representatives, from time to time.

A person or entity who complies with all of the foregoing requirements may be identified by the Debtors as a "Qualified Bidder." The Debtors shall make an initial determination as to which prospective bidders have qualified to become a Qualified Bidder by **[April 30, 2010]** and shall provide a list of Qualified Bidders to the Proposed Purchaser within 24 hours of such date. The Proposed Purchaser is and shall be deemed to be a Qualified Bidder for all purposes and shall be entitled to "credit bid" for the Assets in an amount up to the full amount of its claims arising under the Loan Documents. The Debtors reserve the right (i) at any time to require any potential bidder previously determined to be a Qualified Bidder, other than the Proposed Purchaser, to provide additional evidence of its ability to consummate the Transaction in order to remain a Qualified Bidder, and (ii) to exclude any prospective bidder, other than the Proposed Purchaser, from participating further in the Auction process as a result of its inability to satisfy such further requirements to become a Qualified Bidder.

Interested bidders requesting information about the qualification process should contact [Debtors' counsel – name, address, and telephone number].

### Due Diligence

Qualified Bidders desiring to conduct due diligence are directed to contact Lawrence B. Voit, Silver, Voit & Thompson, Attorneys at Law, P.C., 4317-A Midmost Drive, Mobile, Alabama 36609-5589. The Debtors and their representatives shall not be obligated to furnish any information of any kind whatsoever relating to the Assets or the Business (as defined in the APA) to any person or entity whom the Debtors have not identified as a Qualified Bidder.

Any person conducting due diligence must complete their due diligence investigation by **[May 5, 2010]**.

### Form and Content of Competing Proposals

Formal, binding, unconditional bids (each, a "Competing Proposal") must:

- Be accompanied by an executed "clean" version of the APA (together with a blackline reflecting how such agreement varies from the original APA);

- Identify the cash consideration to be paid for the Assets;

- Include a letter setting forth (i) the identity of the bidder (including an authorized representative thereof) making the Competing Proposal and the identity of all persons or entities having direct or indirect ownership or control of such bidder, (ii) such bidder's counsel, (iii) contact information for such bidder, its authorized representative and its counsel, and as to each, such person's full name, company or firm, physical address or other address at which such person receives overnight deliveries, telephone number, facsimile number and email address, (iv) an acknowledgment that the bidder (a) has had an opportunity to examine the Assets prior to making its offer, (b) has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid and (c) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Transaction or the completeness of any information provided in connection with the implementation of the Bidding Procedures, in each case except as expressly stated in its Competing Proposal, (v) a representation that the total consideration to be paid satisfies the Initial Overbid Requirement (as defined below), (vi) an acknowledgement that such bidder submits to the core jurisdiction of the Bankruptcy Court and will waive the right to a jury trial, to the extent any such right exists, (vii) an acknowledgement that such bidder is aware of the collusive bidding provisions contained in 11 U.S.C. § 363(n) and will comply with such provisions, (viii) an acknowledgement that such bid constitutes the entire consideration to be paid to the Debtors or any related party for the Assets; and (ix) and acknowledgement that sale of the Assets is to be for cash consideration and, except as provided in the APA, shall be on an "as is, where is" basis;

- Contain evidence of a written commitment for financing from a reputable financing source or other evidence in writing of the bidder's financial ability to consummate the Transaction;

- Confirm that the representative of the bidder who will be attending the Auction is, and at the Auction will be, duly authorized to both bid on behalf of such bidder at the Auction, and enter into and bind such bidder to the applicable APA;

- Contain a written acknowledgment that such bid is binding upon the bidder submitting the bid and is unconditional and not contingent upon any due diligence investigation, or the receipt of financing, or any other event that is in addition to or more burdensome than the conditions set forth in the APA;

- Contain written evidence that the bidder has the requisite corporate or similar authority to consummate the Competing Proposal;

- Contain a written acknowledgment that such bid is irrevocable (i) until fifteen (15) days after the entry of the Sale Order, (ii) until actual consummation of the Transaction if such bidder is designated as Back-Up Bidder for the Transaction in the Sale Order, and (iii) until **June 30, 2010**, if such bid is approved by the Bankruptcy Court as a Prevailing Bid (as defined below);

- Be accompanied by a cash deposit equal to ten percent (10%) of the proposed consideration to be paid under such Competing Proposal(s);[2]

- Contain written evidence that the bidder can provide adequate assurance of its future performance under any executory contract or unexpired lease that is to be assumed and/or assigned as provided in the APA;

- Provide a bid for cash consideration that exceeds the purchase price as provided in the APA by at least $250,000.00 (the "Initial Overbid Requirement");

- Contain a written statement that bidder understands and acknowledges that the Assets are being sold in globo and that bids will not be accepted for the Debtors' assets on a piecemeal basis; and

- Be supplemented with such other information as the Debtors may request.

Each proposal that contains all of the foregoing is a "Competing Proposal." Any proposal that does not timely comply with all of the foregoing may be determined by the Debtors to not constitute a Competing Proposal.

### Competing Proposal Deadline

All Competing Proposals must be submitted in writing so that they are actually received no later than **5:00 p.m. (Central Time) on [May 10, 2010]** (the "Bid Deadline"), by the Debtors, 7026 Old Katy Road, Suite 249, Houston, Texas 77024, Attn: _____, with a copy to [counsel for Debtors – name/address/email address/attn]. Each prospective bidder must submit three (3) copies of its Competing Proposal if in hard copy (together with a disk containing the document in WORD format) or one copy if by email. E-mail submissions should be both PDF and WORD formats. The Debtors will hold all Competing Proposals submitted prior to the Bid Deadline until the Bid Deadline has passed, and will promptly forward, not later than 24 hours following the Bid Deadline, copies of all Competing Proposals to counsel for the Proposed Purchaser and to each Qualified Bidder that properly submitted a Competing Proposal. Prior to the Auction, the Debtors (and their agents, advisors or representatives) may negotiate with the Proposed Purchaser and Qualified Bidders to increase or otherwise improve the terms of their bids. Deposits submitted in connection with a Competing Proposal must either be (i) wire transferred to the Debtors in immediately available funds or (ii) paid by cashier's check issued by a bank acceptable to the Debtors in their sole discretion. Deposits must be actually received by the Debtors on the date such Competing Proposal is delivered. Please contact Patricia Waters c/o Dunhill Products, L.P., 7026 Old Katy Road, Suite 249, Houston, Texas 77024; Telephone 713-476-9900; Email: patricia@dunhillproducts.com; Facsimile: 713-426-2108, for wire instructions.

---

[2] Such deposit shall be deposited in an escrow account pursuant to the terms of an escrow agreement substantially in a form acceptable to Debtor, Chase and Arc. Any bidder establishing an escrow account in accordance with these Bidding Procedures will be required to comply with the information requirements of the USA Patriot Act.

## Auction

If one or more Competing Proposals submitted by Qualified Bidders are received by the Debtors, the Debtors will conduct the Auction. The Auction will take place on **May 12, 2010, commencing at 11:00 a.m. (Central Time)** at the offices of Silver, Voit & Thompson, Attorneys at Law, P.C., 4317-A Midmost Drive, Mobile, Alabama 36609-5589.

A Qualified Bidder that does not submit a Competing Proposal in accordance with these procedures shall cease to be a Qualified Bidder and shall be disqualified from (i) further participation in the bidding process, (ii) making a bid for any of the Assets, and/or (iii) participation in the Auction.

The Auction shall be conducted as follows:

- All bids shall be for the Assets, in globo. No bids for individual or smaller groups of assets will be accepted;

- All Qualified Bidders, or their authorized representatives, must be physically present or present via teleconference at the Auction. Only Qualified Bidders may present bids or overbids at any time during the Auction and only a Qualified Bidder can be a purchaser of the Assets under these Bidding Procedures;

- At the commencement of the Auction, the Debtors shall announce the highest or otherwise best Competing Proposal and identify the distinctions between such Competing Proposal and the APA;

- The Debtors and their counsel or other representatives shall then conduct an open Auction respecting Competing Proposals for the Assets, calling for incremental bids from the Qualified Bidders participating in the Auction, with minimum overbid increments being in an amount not less than $100,000.00;

- Qualified Bidders shall be permitted to caucus privately among themselves (but not with other Qualified Bidders) at any time, with or without the participation of the Debtors and their advisors at the Qualified Bidder's request; provided, however, the Debtors will impose uniform reasonable time restrictions on such caucuses so that the Auction may continue and be completed in an orderly and timely manner; and

- Arc shall be entitled to "credit bid" for the Assets up to the full amount of its claims arising under the Loan Documents.

## Selection of the Prevailing Bid and Bidder

Upon the conclusion of the Auction, the Debtors, subject to Bankruptcy Court approval in regard to consummation of the Transaction, will:

- Identify the highest or otherwise best Competing Proposal for the Assets (the "Prevailing Bid"), the bidder who submitted such Competing Proposal (the

"Prevailing Bidder"), the next highest or otherwise best Competing Proposal (the "Back-Up Bid") and the bidder who submitted such Competing Proposal (the "Back-Up Bidder").

- Any objection relating to the Prevailing Bid must be filed and served upon (i) counsel to the Debtors, (ii) the Prevailing Bidder and its counsel, (iii) counsel to the Proposed Purchaser, and (iv) the United States Bankruptcy Administrator so as to be actually received no later than **5:00 p.m. (Central Time) on [May 11, 2010]**. Objections are limited solely to the selection of the Prevailing Bid. All other objections to the sale of the Assets as contemplated in the Bid Procedures and Sale Motion are due by **5:00 p.m. (Central Time) on [May 10, 2010]**.

At the Sale Hearing, the Debtors will seek (i) approval of the Prevailing Bid and the Prevailing Bidder, (ii) authority to enter into a definitive agreement with respect to the Prevailing Bid and consummate the Transactions with the Prevailing Bidder, and (iii) entry of the Sale Order. The proposed Prevailing Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Prevailing Bid and its ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the Transaction. If the Prevailing Bidder is not Arc, then the Debtors shall accept such Prevailing Bid only when (i) the Bankruptcy Court has approved the Prevailing Bid and Prevailing Bidder, (ii) the Sale Order approving such Competing Proposal have been docketed, and (iii) definitive documentation has been executed and delivered by the Debtors.

### Effect of Bidder Becoming the Prevailing Bidder

If a bidder (other than the Proposed Purchaser) becomes a Prevailing Bidder, the following shall occur:

- The terms of the APA shall be deemed amended to provide the remedy of specific performance to the Prevailing Bidder and, on the one hand, and the Debtors, on the other hand.

- The Prevailing Bidder shall not be entitled to any break-up fees or expense reimbursement.

- Any deposit provided by the Prevailing Bidder shall be applied as a credit against the cash purchase price to be paid under the APA.

- Any order approving the sale of the Assets to a Prevailing Bidder other than the Proposed Purchaser shall provide that the proceeds from such sale, less an amount equal to the Cash Consideration (as defined in the APA), shall be paid directly to the Proposed Purchaser.

### Failure to Consummate a Prevailing Bid/Binding Nature of Back-Up Bidder

If for any reason a Prevailing Bidder fails to timely consummate the transactions contemplated by its Prevailing Bid and the Sale Order, the Debtors may declare a Back-Up Bidder as having submitted the highest or otherwise best bid (and such Back-Up Bidder shall become a Prevailing Bidder hereunder for all purposes) and seek to consummate a Back-Up Bid without further approval by the Bankruptcy Court. The Back-Up Bidder for any proposed sale shall be deemed to keep its offer open until the applicable sale to a Prevailing Bidder is actually consummated; provided that the Proposed Purchaser may not be compelled to serve as the Back-Up Bidder absent their consent.

### Procedures with Respect to Deposits

Except as provided herein or in the Bidding Procedures Order, deposits shall be returned ten (10) business days after the Bankruptcy Court enters the Sale Order, except for deposits submitted by (i) a Prevailing Bidder, (ii) the Back-Up Bidder and (iii) any bidder that has forfeited its deposit as set forth below. The deposit by the Back-Up Bidder shall be returned to such Back-Up Bidder within three (3) business days of the consummation of the transaction with the Prevailing Bidder for which it is the Back-Up Bidder.

A Qualified Bidder will forfeit its deposit if (i) the bidder withdraws or modifies (in a manner determined by the Debtors to be less favorable) its Competing Proposal before the Bankruptcy Court approves the Prevailing Bid or (ii) the bidder is a Prevailing Bidder and (a) modifies or withdraws its Competing Proposal without the Debtors' consent or (b) materially breaches the terms and conditions of its Competing Proposal. Deposits shall be construed as liquidated damages and constitute the sole remedy and recourse against any Qualified Bidder, except for the remedy of specific performance as herein provided and/or (ii) upon a showing that the Qualified Bidder participated in the Auction in bad faith or otherwise violated Section 363 of the Bankruptcy Code.

# EXHIBIT B

## Debtors' Assets

Debtors' assets to be sold are located in Chickasaw and Mobile counties, in the state of Alabama, and include all of the right, title and interest of Debtors in and to all of the assets and rights owned, used or to be used by Debtors in connection with the Terminals (as defined in the APA, "Terminals") or the Business (as defined in the APA, "Business") (collectively, the "Assets"), including the following:

1. the real property (including mineral rights associated therewith), leasehold interests, easements, licenses, servitudes, rights-of-way, and other interests in real property of Debtors, all as more particularly listed in Schedule 1 hereto, in each case together with Debtors' right, title and interest in all fixtures and improvements, thereon (collectively, the "Facilities");

2. all furnishings, furniture, computer equipment and hardware, fittings, equipment, machinery, tools, apparatus, pipelines, sewers, appliances, implements, spare parts, supplies, sundries, IT equipment and other tangible personal property and interests therein located at the Facilities or used or held for use in connection with the Business (including, in the case of any computer hardware, the right to use software applications loaded on such computers (provided that the associated software license is transferrable)), and any confidential information, know-how, proprietary rights in information, lists of suppliers, vendors, customers and distributors used in the conduct of the Business;

3. computer software and databases, patents, inventions (whether patentable or not), copyrights and technology, in each case associated with the Business or the Assets;

4. the permits relating to the Business, to the extent assignable or transferrable;

5. the contracts, leases, licenses, indentures, agreements, commitments and other legally binding arrangements, together with all amendments thereto and ratifications thereof, ("Contracts") to which a Debtor is a party or by which a Debtor is bound, that are listed in Schedule 1 or Schedule 2, and all of Debtors' rights, title and interest to any and all rents due thereunder, including any prepaid rents and security and other deposits held by a Debtor in connection with such Contracts (the "Assigned Contracts");

6. the historical books, ledgers, files, reports, records, plans, specifications, surveys, drawings, licenses, Permits and manuals relating to the Business, in whatever form stored or retained;

7. all deposits, advance payments, prepaid items and expenses, rights of offset and credits and claims for refund that relate to the Business, other than retainers paid to Debtors' professional advisors in connection with the Debtors' current chapter 11 cases;

8. any rights, claims, defenses, counterclaims, cross-claims or causes of action of Debtors against customers, clients or vendors of the Business, any counterparties to the Assigned Contracts or any payees with respect to Assumed Liabilities (as defined in the APA); and



9. all of Debtors' accounts receivable and other rights to receive payments arising in connection with the Business.

Specifically excluded from the Assets are the right, title and interest of Debtors in or to any of following (collectively, the "Excluded Assets"):

1. all assets identified on Schedule 3;

2. Debtors' charter documents, minutes and limited partnership or limited liability company record books and corporate seals;

3. all cash and cash equivalents held by Debtors;

4. all the assets of the Debtors' benefit, employment, personal services, compensation, incentive, stock option, restricted stock, stock appreciation right, phantom equity, change in control, severance, vacation and other similar agreements, plans, policies and other arrangements;

5. all rights of Debtors under the APA and any other agreements and instruments executed and delivered in connection with this APA;

6. all tax records, refunds and credits to the extent they relate exclusively to taxes that constitute Excluded Liabilities (as defined in the APA); and

7. all capital stock of Debtors or their affiliates.

## Schedule 1

**Leased Real Property**

1. Leased property located at 500 Viaduct, Chickasaw, Alabama 36611; Ground Lease by and between Dunhill Terminals, L.P., as tenant, and Delta Hardwoods Corporation, as landlord, dated March 24, 2006.

2. That certain Lease Agreement by and between Dunhill Entities, L.P. as Landlord and Valero Marketing and Supply Company as Tenant, made effective as of December 29, 2006.

3. Sublease Agreement by and between Dunhill Entities, L.P. as Landlord and Valero Marketing and Supply Company as Tenant, made effective as of January 27, 2009.

**Owned Real Property**

1. Owned real property located at 1437 Cochrane Causeway, North Mobile, AL 36652, as evidenced by and more particularly described by that certain Special Warranty Deed filed and recorded in the real property records of Mobile County, Alabama, Recording Number 2007001130, Book 6108, Page 979 on January 4, 2007.

**Easement Agreements**

1. Quitclaim by and between Mobile-Chickasaw Port Facility, Inc., as grantor, and Delta Hardwood Corporation, as grantee filed with the Office of the Probate Judge of Mobile County, Alabama.

2. Certain other easement agreement, rights of way, etc. more particularly set forth in the schedules to the APA.

## Schedule 2

### Contracts

1. Contracts relating to current tenants and rent roll more particularly set forth in the schedules to the APA.

2. Ground Lease by and between Dunhill Terminals, L.P., as tenant, and Delta Hardwoods Corporation, as landlord, dated March 24, 2006.

3. Sublease Agreement by and between Dunhill Entities, L.P. as Landlord and Valero Marketing and Supply Company as Tenant, made effective as of January 27, 2009.

4. Agreement by and between Tetra Technologies, Inc. and a related third party beneficiary, for barge and truck loading and unloading at the Chickasaw Facility.

## Schedule 3

### Excluded Assets

1. 24 ft. Kenner boat.

2. 2006 Ford F-250 Truck, VIN# 1FTSW21P36EB31756.

3. Biodiesel Coalescer in Chickasaw Warehouse.