UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE: *
 *
DUNHILL ENTITIES, LP, * CASE NO: 10-1342 and
DUNHILL ENTITIES GP, LLC, * 10-1346, 10-1345, 10-1350
DUNHILL TERMINALS, LP, * (Jointly Administered)
DUNHILL TERMINALS GP, LLC, *
 *
Debtors. *

**INTERIM ORDER PURSUANT TO § 363(c)(2) AUTHORIZING
THE USE OF CASH COLLATEAL AND RELATED RELEIF**

This matter came to be heard upon the Motion of Dunhill Entities, LP, Dunhill Entities GP, LLC, Dunhill Terminals, LP, and Dunhill Terminals GP, LLC, (collectively the "Debtor") [doc. 17] for entry of an interim order, pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing Debtor to use cash collateral of Arc Terminals, L.P. (the "Lender") pursuant to 11 U.S.C. § 363(c)(2) (the "Cash Collateral"); (ii) authorizing Debtor to grant Lender first priority post-petition liens on and security interests in the property of the estate hereinafter described in favor of Lender to secure the use of the Cash Collateral to the extent necessary to adequately protect Lender against any diminution of the value of its collateral from the date of the filing of the Petition; (iii) authorizing Debtor to provide adequate protection payments to Lender pursuant to the Motion; (iv) approving the use of the Cash Collateral on an interim basis pending final approval (the "Interim Order"); (v) setting procedures for providing appropriate notice of the foregoing; and (vi) granting other related relief.

IT APPEARING THAT, at or prior to the hearing on the Motion, pursuant to Bankruptcy Rules 4001(b), (c) and (d), each of the parties set forth below received such notice of the time,

place, and nature of the interim hearing as practicable under the circumstances: (1) the Office of the United States Bankruptcy Administrator; (2) the attorneys for Lender; (3) all attorneys who have filed a request for service of all pleadings and notices; (4) all other creditors known to Debtor who have an interest in the Cash Collateral; (5) such taxing authorities as have a claim against Debtor; and (6) Debtor's twenty (20) largest unsecured creditors; and it further

APPEARING, that Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 26, 2010 (the "Petition Date"), and is continuing in the management and possession of its business and properties as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and it further

APPEARING, that Debtor has entered into various agreements with Lender; and it further

APPEARING, that Debtor has represented to this Court that prior to the commencement of Debtor's Chapter 11 case, Lender and its predecessor made loans and advances to Debtor (the "Prepetition Indebtedness"), pursuant to the terms of the Loan Documents (as defined in the Motion); and all capitalized terms used in this Order and not otherwise defined in this Order shall have the meanings ascribed to such terms in the Loan Documents; and it further

APPEARING, that the Prepetition Indebtedness is secured by valid, binding, first and prior, duly perfected and unavoidable liens and security interests in the Prepetition Collateral (as defined in the Motion); and it further

APPEARING, that without prejudice to the rights of any other party-in-interest in the Chapter 11 Cases, the Debtor (i) acknowledges, (ii) admits and (iii) agrees not to contest the following:

1. In accordance with the terms of the Loan Documents, all amounts payable thereunder are now fully due and payable by the Debtor. The Debtor is indebted and

liable to the Lender for such amounts without defense, counterclaim or offset of any kind. The Debtor acknowldges and admits that, as of the Petition Date, the aggregate amount of the outstanding Prepetition Indebtedness is not less than $58,350,000;

      2.    Pursuant to the Loan Documents, the Prepetition Indebtedness to the Lender is secured by valid, perfected, enforceable, non-avoidable, first-priority liens and security interest in, to and against the Prepetition Collateral, and there exists no basis upon which the Debtor can properly challenge or avoid the validity, enforceability, priority or perfection of the Prepetition Indebtedness or the liens and security interests held by the Lender to or against the Prepetition Collateral; and it further

APPEARING, that without the use of Cash Collateral proposed by the Motion, Debtor will not have the funds necessary to pay its payroll, payroll taxes, trade creditors, vendors, overhead and other expenses necessary for the continued operation of Debtor's business and the management and preservation of Debtor's assets and properties; and it further

APPEARING, that such use of Cash Collateral proposed will benefit Debtor, its estate and creditors; and it further

APPEARING, that the ability of Debtor to continue its businesses and remain a viable entity and thereafter reorganize under Chapter 11 of the Bankruptcy Code depends upon Debtor obtaining such use of Cash Collateral; and it further

APPEARING, that Debtor has prepared a budget attached hereto as <u>Exhibit A</u> setting forth Debtor's projected weekly disbursements, receipts, and cash balances for the periods covered thereby, and which has been reviewed by Debtor and its financial consultants, and sets forth, among other things, the working capital and other cash requirements of Debtor for the periods covered thereby (the "Budget"); and it further

APPEARING, that the relief requested in the Motion is necessary, essential, and appropriate for the continued operation of Debtor's business and the management and preservation of Debtor's assets and properties and is in the best interests of Debtor, its estate and creditors.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Debtor is unable to obtain the use of cash collateral or unsecured credit from any source other than the cash collateral of Lender, and under the circumstances, no other source of financing exists for the Debtor.

2. The Notice of Hearing of the Motion constitutes sufficient and adequate notice in accordance with FED. R. BANKR. P. 4001(b), (c) and (d) and 11 U.S.C. §§ 102(l) and 363(c). No further notice of the relief sought in the Motion is required.

3. Consideration of the Motion constitutes a "core proceeding" as defined in 28 U.S.C. §§ 157(b)(2)(A),(D),(G),(K),(M) and (O). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

4. The Motion described herein has been made in good faith by Debtor; good, adequate and sufficient cause has been shown to justify the granting of the interim relief requested herein, and the immediate entry of this Order; and the relief granted by this Court pursuant to this Interim Order is necessary to avoid immediate and irreparable harm and injury to Debtor's estate.

5. The Motion, as its relates to the interim use of cash collateral is granted, and this Order shall hereinafter be referred to as the "Interim Order."

6. Debtor may use Lender's Cash Collateral through April 23, 2010 pursuant to this Interim Order for the payment of its reasonable, ordinary and necessary business expenses as set forth more particularly on **Exhibit "A"** hereto.

7. To provide adequate protection to Lender for any diminution in value of Lender's secured claim, valued and determined as of the Petition Date pursuant to 11 U.S.C. § 363(c), Lender shall have and is hereby granted, effective on and after the date of this Interim Order,

valid and properly perfected priority security interests and liens, superior to all other creditors of Debtor's estate, in and upon all of the existing and future assets and properties of Debtor, whether acquired prior to, concurrently with or after the filing of the petition commencing Debtor's Chapter 11 case.

8. As further adequate protection, Debtor agrees to make payments to Lender in an amount equal to otherwise regularly scheduled payments of interest at the non-default rate set forth in the Loan Documents on the first day of each month, commencing April 1, 2010, and on the first day of each month thereafter for so long as the Order shall remain in effect.

9. The lien and security interest created herein shall continue in full force and effect until Lender's claim has been paid in full, including all principal and, to the extent authorized by section 506(a) of the Bankruptcy Code, interest, costs, and expenses, including reasonable attorneys' fees, whether currently existing or hereafter accrued and incurred.

10. Debtor shall maintain all necessary insurance, including, without limitation, life, fire, hazard, comprehensive, public liability, and workmen's compensation as may be currently in effect, and obtain such additional insurance in an amount as is appropriate for the business in which Debtor is engaged. Debtor shall provide Lender, upon entry of this Interim Order of the Court, with proof of all such coverage, as well as prompt notification of any change in such coverage which may hereafter occur.

11. Debtor shall promptly and weekly deliver to Lender all financial information reasonably requested by Lender, including, but not limited to:

    a. By 2:00 P.M. on Wednesday of each week:

        i. An accounts receivable aging, reconciled to the prior week;

        ii. An accounts payable aging, reconciled to the prior week;

iii. A statement of the prior week's sales and collections; and

iv. A comparison of Debtor's actual operations to the projections contained in the Budget;

b. By the tenth business day of each calendar month, a monthly profit and loss statement for the prior month; and

c. All other financial information and reports prepared by Debtor or professionals engaged by the Debtor.

12. The respective liens granted Lender hereby shall be deemed valid and perfected notwithstanding the requirements of non-bankruptcy law with respect to perfection. The liens granted hereby shall be supplemental of, and in addition to, security interests which Lender respectively possesses pursuant to its existing security agreements with Debtor and shall secure the post-petition obligations and the diminution in value, if any, of Lender's secured claim, valued and determined as of the Petition Date, plus interest thereon, and costs, fees and expenses to the extent provided for in the Loan Documents.

13 The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to permit Lender to implement the terms and conditions of the Loan Documents and the provisions of this Interim Order.

14. The final hearing on cash collateral issues shall be held on April 13, 2010 at 8:30 a.m.

Dated: April 2, 2010

WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE