**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| In re:<br><br>DUNHILL ENTITIES, L.P.;<br>DUNHILL ENTITIES GP, LLC;<br>DUNHILL TERMINALS, L.P.; AND<br>DUNHILL TERMINALS GP, LLC;<br><br>                Debtors. | Chapter 11<br><br>Bankruptcy No. 10-01342;<br>Bankruptcy No. 10-01346;<br>Bankruptcy No. 10-01345; and<br>Bankruptcy No. 10-01350.<br><br>JOINTLY ADMINISTERED UNDER<br>UNDER No. 10-01342-WSS |

**ORDER (A) APPROVING BIDDING PROCEDURES
FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B)
SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF
NOTICE THEREOF, AND (C) ESTABLISHING PROCEDURES FOR THE
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES**

This matter came before the Court upon the Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 for (I) an Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets and (B) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (C) Establishing Procedures for the Assumption and Assignment of Executory Contracts and Leases; and (II) an Order (A) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Authorizing the Assumption and Assignment of Executory Contracts and Leases; and (C) Granting Related Relief (the "Motion") of the debtors and debtors-in-possession[1] (collectively, the "Debtors") with respect to the request for an order establishing certain bidding procedures, scheduling a sale hearing and approving the form and manner of notice thereof, and establishing procedures for the assumption and

---

[1] The Debtors are Dunhill Entities, L.P., Dunhill Entities GP, LLC, Dunhill Terminals, L.P., and Dunhill Terminals GP, LLC.

assignment of executory contracts and leases.[2]  After due consideration of the Motion, it is hereby

**FOUND AND DETERMINED THAT:**

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and this matter is a core proceeding under 28 U.S.C. §157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Good and sufficient notice of the relief sought in the Motion has been given.  No other or further notice of the request for the relief granted herein need be given.

C.  The Bidding Procedures attached hereto as Exhibit "A", are fair, reasonable and appropriate and in the best interest of the Debtors' estates.

D.  The entry of this Order is in the best interests of the Debtors and their estates, creditors and all other parties in interest herein; and it is therefore hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The relief requested in the Motion is GRANTED, as set forth herein.

2.  The Bidding Procedures, as described in Exhibit "A" attached hereto, are fair, reasonable, and appropriate; are designed to maximize the Debtors' recovery on the Assets; and are hereby APPROVED in all respects.

3.  The Debtors are authorized to open an interest-bearing escrow account(s) with JPMorgan Chase Bank, N.A. ("Chase"), pursuant to an escrow agreement in a form acceptable to the Debtors, Chase, and Arc for the purpose of administering each Overbid Deposit.

4.  The Proposed Purchaser is authorized to "credit bid" for the Assets up to the full amount of its claim arising under the Loan Documents.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Motion.

## Notice of Bidding Procedures, Auction, Sale Hearing and Assumption and Assignment of Executory Contracts and Unexpired Leases

5. The Auction and Sale Hearing Notice, substantially in the form attached hereto as Exhibit "B", is APPROVED in all respects.

6. The Assumption Notice, substantially in the form attached hereto as Exhibit "C", is APPROVED in all respects.

7. Notice of the relief sought in the Motion is hereby deemed to be good, sufficient, and proper notice thereof.

8. Pursuant to Bankruptcy Rule 2002, and within three (3) business days following the entry of this Order, the Debtors shall cause the Notice of Auction and Sale Hearing to be served, by first class mail, postage prepaid, or by electronic mail, on: (i) all potential purchasers previously identified or solicited by Debtors during their prepetition sale efforts and any additional parties who have previously expressed an interest in potentially acquiring the Assets at any time; (ii) all other potentially interested parties identified by Debtors in their business judgment as a potential purchaser; (iii) the Office of the United States Bankruptcy Administrator; (iv) counsel for the Proposed Purchaser; (v) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Assets; (vi) any applicable federal, state and local regulatory or taxing authority, recording office or any governmental entity which has a reasonably known interest in the relief requested in the Motion; (vii) all counterparties to executory contracts and unexpired leases identified in the APA for assumption and assignment,[3] and (viii) all parties on the most current service list and mailing matrix filed in the Bankruptcy Cases.

---

[3] The inclusion of any document on the list of contracts to be assumed and assigned shall not constitute or be deemed to be a determination or admission by the Debtors or the Proposed Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

9. Within three (3) business days following the entry of this Order, the Debtors shall cause service of (i) the (completed) Assumption Notice to all parties on the most current mast service list on file in these Cases and (ii) the applicable (completed) Assumption Notice all counterparties to executory contracts and unexpired leases identified in the APA for assumption and assignment.[4]

10. Nothing contained in the APA or this Order shall be deemed to constitute any release or exculpation of antitrust or environmental liabilities to the United States, which may arise under applicable federal statute, subject to any defenses available there under, including, but not limited to, 42 U.S.C. Section 9607(r), or any liabilities to the United States that may arise under Title 26, including 26 U.S.C. Sections 3505, 6672, or under any applicable federal criminal statute. In addition, nothing contained in this Order or in the APA shall in any way diminish the obligations of the Debtor to comply with environmental laws consistent with its rights and obligations as debtor in possession under the Bankruptcy Code.

11. The Court sustains the Objection of the United States. Notwithstanding any provision of this Order to the contrary, any successor liability that may exist solely under federal police power, regulatory or labor laws is not affected by this Order and is not abrogated by the APA or this Order. The parties specifically recognize that any successor liability that may exist under the Uniform Services Employment and Reemployment Act is not affected by the APA or this Order. Nothing in this Order or the APA should be construed to create for any governmental unit any substantive right that does not already exist under law.

---

[4] The inclusion of any document on the list of contracts to be assumed and assigned shall not constitute or be deemed to be a determination or admission by the Debtors or the Proposed Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

## Sale Hearing and Objection Deadline

12. The Sale Hearing shall be held on May 18, 2010 at 8:30 a.m. (Central Time) before this Court.

13. Any objection relating to the Prevailing Bid must be filed and served upon (i) counsel to the Debtors, (ii) the Prevailing Bidder and its counsel, (iii) counsel to the Proposed Purchaser, and (iv) the United States Bankruptcy Administrator so as to be actually received no later than 5:00 p.m. (Central Time) on May 14, 2010. Objections are limited solely to the selection of the Prevailing Bid. All other objections to the sale of the Assets as contemplated in the Motion are due by 5:00 p.m. (Central Time) on May 10, 2010.

14. Objections to the entry of the order approving the sale of the Assets, if any, must: (a) be in writing; (b) conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of Alabama; (c) set forth the name of the objector and the nature and amount of any claim or interest held by and against the Debtors' estates or property; (d) state the legal and factual basis for the objection and the specific grounds therefore; (e) be filed with this Court; and (f) be served upon (i) counsel for the Debtors, Silver, Voit & Thompson, Attorneys at Law, P.C., Lawrence B. Voit, 4317-A Midmost Drive, Mobile, Alabama 36609-5589, email: lvoit@silvervoit.com; (ii) counsel for the Proposed Purchaser, Vinson & Elkins L.L.P., Harry Perrin, 1001 Fannin Street, Suite 2500, Houston, Texas 77002, email: hperrin@velaw.com and Helmsing, Leach, Herlong, Newman & Rouse, P.C., Jeffery J. Hartley, 150 Government Street, Suite 2000, Mobile, Alabama 36602, email: jjh@helmsinglaw.com; and (iii) the United States Bankruptcy Administrator, Travis Bedsole, P.O. Box 3083, Mobile, Alabama 36652-3083, email: travis_bedsole@alsba.uscourts.gov, so as to be actually received by no later than 5:00 p.m.

(Central Time) on May 10, 2010 (the "Objection Deadline"). Only timely filed and served responses, objections or other pleadings will be considered by the Court at the Sale Hearing.

15. The Proposed Purchaser shall have standing to protest and object to (i) any determination made by the Debtors related to this Order and the sale of the Assets, including determination of whether or not a bid is a Qualified Bid and the determination of which bid is the highest and best bid and (ii) the sale of the Assets free and clear of its liens in the event it is not the Prevailing Bidder. All such disputes shall be determined by this Court at the Sale Hearing.

16. The Notice of Tax Lien and Limited Objection to Sale filed by the Mobile County Revenue Commissioner [doc. 66] shall be considered at such time as an order is sought approving the sale.

17. This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: April 13, 2010

/s/ William S. Shulman
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE